## Case No. 8,019.

### LAMB et al. v. PARKMAN.

[21 Law Rep. (1859) 589; 1 West. Law Month. 159.]

Circuit Court, D. Massachusetts.

PRACTICE IN ADMIRALTY—AMENDMENT TO PLEADING MATTERS OF SUBSTANCE — RULES OF PRACTICE — DISCRETION OF COURT — PARTICULAR RULES.

[1. In admiralty, in the absence of written rules of practice, amendments to the pleadings, in matters of substance, are within the sound discretion of the court, and may be allowed at any time before final decree.]

[Cited in The R. S. Mabey v. Atkins, 10 Wall. (77 U. S.) 420; The Charles Morgan, 115 U. S. 76, 5 Sup. Ct. 1,175.]

[2. In admiralty, a court will, in the absence of written rules of practice, deduce from the decisions of the court such rules as are applicable to the case at bar.]

[Appeal from the district court of the United States for the district of Massachusetts.

[This was a libel in admiralty by Thomas Lamb and others against Powell M. Parkman to recover a balance of freight. From a decree of the district court for libelants (Case No. 8,020) respondent appealed. The case is now heard upon motion by respondent to file an amended answer.]

R. H. Dana, Jr., for the motion.
T. D. Eliot, opposed.

CURTIS, Circuit Justice. In this case, which is an appeal from a decree of the district court in the admiralty, an application has been made to this court for leave to file what is entitled "an amended answer." The twenty-fourth rule, made by the supreme court to regulate the practice of instance courts of admiralty, applies to this as well as to the district court. Pursuant to it, amendments in matters of substance may be made on motion, at any time before the final decree, upon such terms as the court shall impose. What amendments shall be allowed, under what circumstances and supported by what proofs they must be applied for, and in what form they shall be incorporated into the record, are left to the sound discretion of the court, to be exercised in each case, or to be regulated by written rules of practice, so far as the court may find it useful and practicable to frame such rules. In this court there are no such written rules; but there are courses of decision in similar or analogous cases, which afford

proper guides to the exercise of the discretion of the court. Some of these will be adverted to.

The first is, that leave is given to amend a sworn answer in respect to any matter of substance, with great caution; and where the amendment consists in a denial of a fact previously admitted, or in the allegation of new facts amounting to a new defence, not exhibited to the court of the first instance, I must require the grounds for the amendment, and the reasons why it has become necessary, and why its necessity was not earlier known, to be clearly and satisfactorily shown by affidavit.

Second. Each of the proposed changes in the answer should be exhibited separately, with apt references to the original answer, so that it can be seen how the original answer will be affected by each; and so that each, when allowed, can be incorporated into the original answer, when taken into a new draft as an amended answer.

Third. The respondent will not be allowed to require formal proof of written documents, the authenticity of which was admitted by the original answer, without an affidavit denying the signatures and explaining satisfactorily his former admission; nor is require the production of original papers, copies whereof were admitted by the original answer to "be correct," and were used on the trial in the district court, without showing that such originals are in the possession, or under the control of the libellant, and can be produced without causing delay, and that the production of such originals is material.

Fourth. When an amendment seeks to withdraw an admission of a matter of fact, upon the ground that it was made because the respondent mistook the law, the court will permit it. with great caution, and only under extraordinary circumstances, if ever. See Daniell, Ch. Prac. 913.

Fifth. The court will not allow a defendant to recast his entire answer, after he has discovered from the opinion of the district court, how it may successfully be done, so as to shift the burthen of proof, or obtain, by skilful pleading other legal advantages. Calloway v. Dobson [Case No. 2.325]. Amendments in sworn answers in the appellate court should introduce new substantive facts, previously unknown, or correct substantial mistakes in matters of fact, and cannot be allowed on account of any mere defect of skill in drafting the original answer, in consequence of which the respondent's case was not presented on the record in the best possible manner, or so as to secure to him all possible legal advantages.

The application of these rules to the case before me precludes the allowance of the motion for leave to file this amended answer, which is open to objection under each of them.

Motion refused.